# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BABOM HORTON | CIVIL ACTION |
| VERSUS | No. 17-9015 |
| HILTON RETIREMENT PLAN ET AL. | SECTION I |

## ORDER AND REASONS

Defendant Hilton Hotels Retirement Plan ("Hilton"), incorrectly identified by plaintiff Babom Horton ("Horton") as Hilton Retirement Plan, filed a motion to dismiss the above-captioned matter.[1] Because Hilton attached documents to its motion that are not referenced in Horton's complaint, the Court converted the motion to dismiss into a motion for summary judgment.[2] *See* Fed. R. Civ. P. 12(d).

Horton then responded to the motion.[3] In his response, Horton explains why he is suing Hilton, but he does not address the basis for Hilton's motion—namely, that Horton's case is untimely.[4]

## I.

Hilton is an ERISA-regulated employee pension benefit plan.[5] The plan's governing document outlines, among other things, a detailed claims review process that claimants must exhaust prior to initiating a legal action for benefits under the plan.[6] Importantly for present purposes, the governing document provides that,

---

[1] R. Doc. No. 6.
[2] R. Doc. No. 9.
[3] R. Doc. No. 10.
[4] *See* R. Doc. No. 6, at 4-6.
[5] *See* R. Doc. No. 6-5 (plan governing document).
[6] *See id.* at 70.

1

"[e]ffective for claims initially filled [sic] . . . on or after January 1, 2011, any suit or legal action initiated by a claimant under the Plan must be brought by the claimant no later than one hundred eighty (180) days following a final decision on the claim for benefits."[7]

Horton filed a claim for benefits with Hilton on October 9, 2012.[8] On his claim form, Horton listed his address as an apartment on South Liberty Street in New Orleans.[9] During the course of the claims review process, Hilton used that address to correspond with Horton.[10]

That process came to an end during the summer of 2015. In a letter dated July 31, 2015, the Hilton U.S. Appeals Committee denied Horton's appeal of the denial of his claim for benefits.[11] The letter informed Horton, in bold: "The administrative process is complete. You now have the right to bring a civil action under Section 502(a) of ERISA in federal court if you choose to further pursue this claim. Please be aware that the Plan requires that any such suit be filed within 180 days of the date of this letter."[12] The letter listed Horton's address as his South Liberty Street apartment.[13]

---

[7] *Id.* at 71.
[8] *See* R. Doc. No. 6-6 (Union Service Claim Form).
[9] *Id.* at 2.
[10] *See* R. Doc. No. 6-7 (notice from Hilton to Horton).
[11] *See* R. Doc. No. 6-4 (denial letter).
[12] *Id.* at 3 (emphasis removed).
[13] *Id.* at 2.

2

According to Hilton's outside counsel for employee benefit matters, the letter was sent to that address via regular mail on the date listed on the letter.[14] Further, Horton's counsel at the time received a disc containing a digital copy of the letter on August 7, 2015.[15]

Horton filed this lawsuit on September 14, 2017.

## II.

Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, the court determines that there is no genuine dispute of material fact. *See* Fed. R. Civ. P. 56. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. *Id.*; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its initial burden, the nonmoving party must come forward with specific facts showing that there is a genuine dispute of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue of material fact is not satisfied by creating "'some metaphysical doubt as to the material facts,'

---

[14] R. Doc. No. 6-3, ¶ 3.
[15] *See* R. Doc. No. 6-11 (cover letter); R. Doc. No. 6-12 (delivery confirmation).

3

by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* However, the nonmoving party's evidence "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255; *see also Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

Moreover, "[a]lthough the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible . . . , the material may be presented in a form that would not, in itself, be admissible at trial." *Lee v. Offshore Logistical & Transp., LLC*, 859 F.3d 353, 355 (5th Cir. 2017) (quoting 11 Moore's Federal Practice–Civil ¶ 56.91 (2017)). "This flexibility allows the court to consider the evidence that would likely be admitted at trial . . . without imposing on parties the time and expense it takes to authenticate everything in the record." *Maurer v. Independence Town*, No. 16-30673, 2017 WL 3866561, at *3 (5th Cir. Sept. 5, 2017).

### III.

"Absent a controlling statute to the contrary, a participant [in an ERISA-regulated plan] and a plan may agree by contract to a particular limitations period,

4

. . . as long as the period is reasonable." *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 134 S. Ct. 604, 610 (2013); *see also Harris Methodist Fort Worth v. Sales Support Servs. Inc. Employee Health Care Plan*, 426 F.3d 330, 337 (5th Cir. 2005) ("Because ERISA provides no specific limitations period, we apply state law principles of limitation. Where a plan designates a reasonable, shorter time period, however, that lesser limitations schedule governs." (internal citation omitted)). Even where an ERISA-regulated plan establishes a limitations period, however, courts retain the authority "to apply traditional doctrines that may nevertheless allow participants to proceed" in a judicial forum outside that period in exceptional circumstances. *Heimeshoff*, 134 S. Ct. at 615. Those doctrines include waiver, estoppel, and equitable tolling. *Id.*

With respect to the question or reasonableness in this context, the Fifth Circuit has held that a 120-day limitations period designated by an ERISA plan is reasonable where the plan gave notice of the period and "required prompt notification to the employee of the decision on appeal," and where the period did not commence "until after the disposition of the internal appeal process." *Dye v. Associates First Capital Corp. Long-Term Disability Plan 504*, 243 Fed. App'x 808, 810 (5th Cir. 2007).[16] Given this holding, the proper resolution of this motion becomes clear as crystal.

---

[16] Although *Dye* preceded the Supreme Court's opinion in *Heimeshoff*, the latter did nothing to call into question the validity of the former. To the contrary, *Heimeshoff* simply endorsed the approach taken in *Dye*: reasonable limitation periods established by ERISA-regulated plans are enforceable.

5

Hilton's governing document establishes a limitations period of 180 days—two months longer than the 120-day period previously endorsed and enforced by the Fifth Circuit.[17] Moreover, Hilton requires prompt notification to a claimant of the decision on appeal.[18] Finally, the period did not begin to run until after the exhaustion of Hilton's internal claims review process.[19] Therefore, the Court concludes that Hilton's 180-day limitations period is reasonable.

There is no genuine dispute that Horton filed suit outside this 180-day period and that his case was untimely filed. Further, Horton has not articulated a compelling reason—or any reason—why the Court should apply one of several traditional doctrines to allow him to proceed with his case anyway.

Accordingly,

**IT IS ORDERED** that Hilton's motion is **GRANTED** and that all claims asserted by Horton against Hilton in the above-captioned are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, December 4, 2017.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[17] *See* R. Doc. No. 6-5, at 71.
[18] *See id.* at 70 ("The Administrative Committee shall give prompt, written notice of its decision to the claimant and to the Company.").
[19] *See id.* at 71.